IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR ALLEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRENDA C. TRITT, et al. | : | NO. 15-1500 |

ORDER

AND NOW, this 4th day of May, 2016, upon consideration of petitioner Lamar Allen's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry #1), our March 31, 2015 Order referring this matter to the Honorable Thomas J. Rueter for a report and recommendation ("R&R"), Judge Rueter's R&R (docket entry #19), petitioner's objections thereto (docket entries #24, 25), and the Court finding that:

(a)  On March 9, 2016, Judge Rueter recommended that we deny petitioner Lamar Allen's petition for writ of habeas corpus without an evidentiary hearing and decline to issue a certificate of appealability, R&R at 1, 30;

(b)  Local Rule 72.1 IV(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. 636(b)(1)(B) … within fourteen days after being served with a copy thereof" by filing "written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections;"

(c)  Petitioner timely filed his objections, which were docketed on April 22, 2016;[1]

---

[1] The Clerk of Court docketed two separate documents, which appear to be the same, except that the objections at docket entry #24 are missing the final two pages. We considered petitioner's more complete, later-filed objections, which were still timely filed. Our citations are to the more complete, later-filed objections.

      (d)      We make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which petitioner objects, <u>see</u> 28 U.S.C. § 636;

      (e)      The R&R recounts the factual and procedural history of petitioner's case, to which petitioner does not object, and so we approve and adopt that recitation;[2]

      (f)      Judge Rueter found that petitioner's first and second claims were unexhausted, procedurally defaulted, and meritless, R&R at 13-14, 20, that his third claim was

---

[2] On June 27, 2009, petitioner was arrested and charged with numerous offenses related to the robbery of three individuals at gunpoint. R&R at 1. Petitioner's pretrial motions to suppress physical evidence, statements to the police, and out-of-court identifications were all denied after an evidentiary hearing before the Honorable Susan I. Schulman in the Court of Common Pleas of Philadelphia County. <u>Id.</u> After a bench trial, Judge Schulman found petitioner guilty of three counts each of robbery, theft by unlawful taking, receiving stolen property, simple assault, and recklessly endangering another person, as well as one count each of carrying a firearm in a vehicle without a license and possession of an instrument of crime. <u>Id.</u> On March 24, 2010, the court sentenced petitioner to an aggregate term of imprisonment of ten to twenty years, followed by six years of probation. <u>Id.</u> at 2. On March 31, 2011, the Pennsylvania Superior Court affirmed the judgment of sentence. <u>Id.</u> Petitioner raised one issue on appeal: whether the trial court erred in refusing to suppress the out-of-court identification by the complainants where those identifications were unduly suggestive. <u>Id.</u> The Pennsylvania Supreme Court denied review on September 14, 2011. <u>Id.</u>

On January 11, 2012, petitioner filed a counseled petition pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541 <u>et</u> <u>seq.</u> ("PCRA"). <u>Id.</u> Petitioner raised two issues: (1) whether it was ineffective assistance of counsel for appellate counsel to fail to raise on appeal the issue of the trial court's denial of petitioner's motion to suppress physical evidence and (2) whether it was ineffective assistance of counsel for trial counsel to fail to file and litigate a post-sentence motion in the nature of a motion for reconsideration of sentence. <u>Id.</u> The PCRA Court dismissed the PCRA petition as meritless, the Pennsylvania Superior Court affirmed the dismissal, and the Pennsylvania Supreme Court denied petitioner's request for review. <u>Id.</u> at 3. Petitioner then filed his <u>habeas</u> petition, asserting three grounds for relief. <u>Id.</u> First, petitioner alleges trial counsel was ineffective for failing to object to inaccurate information given by the trial court during the waiver colloquy. <u>Id.</u> (citing Pet. at ¶ 12). Second, petitioner alleges trial counsel was ineffective for allowing petitioner to be tried before the same judge who denied his suppression motions. <u>Id.</u> Third, petitioner alleges trial counsel was ineffective for failing to suppress the identification evidence. <u>Id.</u> In his Memorandum of Law, petitioner stated a fourth ground for relief, namely that direct appeal counsel was ineffective for failing to raise on direct appeal that the trial court erred in denying petitioner's motion to suppress physical evidence. <u>Id.</u> (citing Pet'r's Mem. of Law at 4).

procedurally defaulted and meritless, id. at 21, 25, and that his fourth claim was meritless, id. at 28;

(g)     Petitioner objects that the R&R mischaracterizes his claims, Objs. at 1;

(h)     First, petitioner objects that the R&R failed to address the exact issue in his first claim because even if the colloquy was adequate, trial counsel erred by not informing him of the Massachusetts rule,[3] and petitioner would have exercised his right to a jury trial had he known about it, Objs. at 3-5;

(i)     As explained in the R&R, petitioner concedes that his claims related to the Massachusetts rule are unexhausted and procedurally defaulted, R&R at 19 & Pet'r's Mem. of Law at 14;

(j)     A state prisoner must exhaust his state court remedies before a district court may entertain a federal habeas petition, O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999) & Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012), cert. denied, 133 S. Ct. 669 (2012), and to satisfy this requirement, a petitioner must demonstrate that the claims in his federal petition were fairly presented to the state courts, Duncan v. Henry, 513 U.S. 364, 365-66 (1995) & Baldwin v. Reese, 541 U.S. 27, 29 (2004), meaning that the claims brought in federal court are the substantial equivalent of those presented to the state courts and the legal theories and facts supporting the federal claims were submitted to the state courts, Lesko v. Owens, 881 F.2d 44, 50 (3d Cir. 1989), cert. denied, 493 US. 1036 (1990);

(k)     An unexhausted claim is procedurally defaulted when it has not been fairly presented to the state courts and there are no additional state remedies to pursue, or the

---

[3] In Pennsylvania, a defendant who loses a pretrial motion to suppress a statement to police as involuntary may raise the question of voluntariness again at trial, and the jury may consider whether the statement was voluntarily given. See Commonwealth v. Moore, 311 A.2d 620, 623 (Pa. 1973).

3


issue was presented to the state courts but not addressed on the merits because of an independent and adequate state procedural rule, Rolan, 680 F.3d at 317, and when a district court finds that a claim is procedurally defaulted, review of that claim in a federal habeas petition is barred unless the petitioner can show (1) the procedural rule was not independent and adequate, (2) cause for the failure to comply with state procedural rules and prejudice resulting therefrom, or (3) a fundamental miscarriage of justice will occur if the claim is not considered, Peterkin v. Horn, 176 F. Supp. 2d 342, 353 (E.D. Pa. 2001);

      (l)    Although the general rule from Coleman v. Thompson, 501 U.S. 722 (1991) is that attorney errors in post-conviction proceedings do not establish cause to excuse a procedural default, in states like Pennsylvania, where state law requires a petitioner to raise ineffective assistance of counsel claims in an initial review collateral proceeding, a petitioner may establish cause sufficient to overcome a procedural default if appointed counsel in the initial review collateral proceeding where the claim should have been raised was ineffective, Martinez v. Ryan, 132 S. Ct. 1309, 1318 (2012);

      (m)    To overcome default, a petitioner must demonstrate that the underlying ineffective assistance of trial counsel claim is substantial, meaning that it has some merit, id.;

      (n)    Thus, to excuse petitioner's procedural default for his claim regarding the Massachusetts rule, we must find that the underlying claim has some merit;

      (o)    Petitioner alleges that the substance of his claim is not the voluntariness of the colloquy after which he waived his right to a jury trial, but rather that his trial counsel was ineffective for failing to inform him that he would have a second opportunity to litigate the voluntariness of his statement if he proceeded to a jury trial, Objs. at 4;

      (p)    To show that counsel was ineffective, petitioner must demonstrate that (1) his counsel's performance was deficient and (2) that deficient performance caused him prejudice, Strickland v. Washington, 466 U.S. 668, 687-96 (1984);

      (q)    Deficient performance occurs when counsel's representation falls below an objective standard of reasonableness and counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, id. at 687-88;

      (r)    Reviewing courts are highly deferential when evaluating counsel's performance and must make every effort to eliminate the distortions of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time, id. at 689, and since there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, the question is whether the representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common customs, Premo v. Moore, 562 U.S. 115, 122 (2011);

      (s)    To show prejudice from ineffective assistance, a petitioner must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which requires showing that the errors were so serious as to deprive the defendant of a fair trial whose result is reliable, not just that there was some conceivable effect on the proceeding's outcome, Harrington v. Richter, 562 U.S. 86, 104 (2011) and Cullen v. Pinholster, 563 U.S. 170, 189 (2011);

      (t)    Petitioner argues that he does not have to prove that the jury would have found his statement involuntary, but only that he would have taken his chances had he known he could re-litigate the issue, Objs. at 5;

(u)     Petitioner's argument, clarified by his reference to Lafler v. Cooper, 132 S. Ct. 1376 (2012), is that if he had known about the Massachusetts rule, he would not have waived his right to a jury trial;

(v)     Counsel's alleged error in failing to inform petitioner that by agreeing to a bench trial he was waiving his right to have a second chance to litigate the voluntariness of his statement is not the kind of error so serious as to deprive the defendant of a fair trial whose result is reliable;

(w)     In order for counsel's failure to inform petitioner of the Massachusetts rule to have been the kind of error so serious as to call into doubt the reliability of petitioner's conviction, the Court would have to accept the counter-factual hypothesis that petitioner would not have waived his right to a jury trial (which he says is the case) and that the trial court would have denied his motion to suppress his statement as involuntary (which it did), but then also that petitioner would have re-litigated the voluntariness of his statement before the jury, the jury would have decided that his statement was involuntary, and then, notwithstanding the prosecution's substantial evidence, see R&R at 18 n.5, the jury would have acquitted him;

(x)     Since the Court does not accept such a counter-factual hypothesis, petitioner cannot show that counsel's alleged ineffective assistance calls into question the reliability of his conviction or deprived him of a fair trial, and counsel's failure to inform him of the Massachusetts rule and that failure's alleged effect on petitioner's choices is the kind of merely conceivable effect on the proceeding that does not constitute prejudice;

(y)     As petitioner's underlying claim does not have merit, there is no excuse for his procedural default;

(z)     We will therefore overrule petitioner's first objection;

    (aa) Second, petitioner objects to the portion of the R&R finding that trial counsel's error was insubstantial based on the quantity of evidence in the Commonwealth's case because it is not relevant to whether trial counsel failed to inform petitioner of his right under Pennsylvania law to challenge the voluntariness of his pretrial statement before a jury, Objs. at 5;

    (bb) As we explained above, the quantity of evidence in the prosecution's case is directly relevant to the consequences of trial counsel's failure to inform petitioner of the Massachusetts rule because it goes to whether that failure prejudiced petitioner, and it was therefore no error for the R&R to make reference to or base its reasoning on that fact, and so we will overrule petitioner's second objection;

    (cc) Third, petitioner objects to the R&R's citation to Sixth Circuit precedent in its evaluation of his second claim, Objs. at 6;

    (dd) Petitioner argues that the R&R's use of Sixth Circuit law was inconsistent with AEDPA, because there is no rule from the Supreme Court that requires proof of an acquittal in an ineffective assistance of counsel claim, id.;

    (ee) There was no error in the R&R's citation to illustrative Sixth Circuit case law, and petitioner overstates the R&R's characterization of the prejudice prong for ineffective assistance of counsel under Strickland, and we will therefore overrule petitioner's third objection; and

    (ff) As we have overruled petitioner's objections, we will approve and adopt the R&R, deny the petition of habeas corpus, deny petitioner's request for an evidentiary hearing, and decline to issue a certificate of appealability.

    It is hereby ORDERED that:

    1. Petitioner's objections (docket entries #24, 25) are OVERRULED;

   2. Judge Rueter's report and recommendation (docket entry #19) is APPROVED and ADOPTED;

   3. Petitioner's <u>pro se</u> petition for writ of <u>habeas corpus</u> (docket entry #1) is DENIED WITH PREJUDICE;

   4. As jurists of reason would not debate the correctness of this procedural ruling, see <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), we will DECLINE to issue a certificate of appealability; and

   5. The Clerk of Court shall CLOSE this case statistically.

              BY THE COURT:

              /s/ Stewart Dalzell, J.